Filed 5/20/25  P. v. Hosley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DASHEME KAREEM HOSLEY,<br><br>Defendant and Appellant. | F087967<br><br>(Super. Ct. No. 1251412)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Robert B. Westbrook, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Michael A. Canzoneria, and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Detjen, J. and Snauffer, J.

# INTRODUCTION

Dasheme Kareme Hosley (appellant) shot and killed his mother's boyfriend. In 2011, a jury convicted him of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a))[1] with enhancements for discharging a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) and personally using a firearm (§ 12022.5 subd. (a)). The trial court found true allegations appellant suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), a prior serious felony conviction (§ 667, subd. (a)), and served a prior prison term (§ 667.5, subd. (b)). The court sentenced appellant to 75 years to life plus five years in state prison.

In 2023, appellant was recalled for resentencing pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) (Senate Bill 483) because his judgment included a now invalid prior prison term enhancement. (§ 1172.75, subd. (a).) At resentencing, the trial court struck the prior prison term enhancement, but denied appellant's requests to dismiss the prior strike, the prior serious felony enhancement, and the section 12022.53, subdivision (d) firearm enactment.

This appeal is taken from resentencing. Appellant claims the trial court erroneously failed to consider and give appropriate weight to evidence of his mental health issues and childhood trauma. He contends this error infected the court's assessment of his request to dismiss enhancements pursuant to section 1385, subdivision (c), and its determination of the appropriate sentence in accordance with section 1170, subdivision (b)(6)(A). We conclude no abuse of discretion occurred. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# BACKGROUND

## I.    Factual Background.

The facts underlying appellant's 2011 conviction are set forth in detail in our prior opinion affirming judgment. (*People v. Hosley* (May 20, 2014, F065500) [nonpub. opn.].) In brief, the evidence at trial established appellant drove from the Bay Area to his mother's residence in Modesto after she told him over the phone she had been involved in a domestic dispute with her boyfriend, the victim. When appellant arrived at the residence, the victim answered the door. Appellant pointed a revolver at the victim. He begged appellant not to kill him. Appellant shot the victim once in the abdomen. The victim fell to the ground. Appellant pointed the revolver at his head and pulled the trigger, but the gun jammed. The victim later died from his injuries.

## II.    Appellant's 2011 Conviction and Sentence.

As detailed above, appellant was convicted of first degree murder (§§ 187, subd. (a), 189, subd. (a)) with two firearm enhancements (§§ 12022.53, subd. (d); 12022.5, subd. (a)) and found to have suffered a prior strike conviction (§§ 667, subd. (d)(1)), 1170.12, subd. (b)(1)), a prior serious felony conviction (§ 667, subd. (a)), and served a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced appellant to 75 years to life plus five years in state prison as follows. On the first degree murder conviction, the court imposed an indeterminate term of 25 years to life, doubled to 50 years to life based on his prior strike conviction. (§§ 667, subd. (e)(1); 1170.12, subd. (c)(1).) As to the enhancement for discharging a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), the court imposed an additional consecutive term of 25 years to life. For the prior serious felony conviction enhancement (§ 667, subd. (a)), the court imposed an additional determinate term of five years. Sentences on the use of a firearm enhancement (§ 12022.5, subd. (a)) and the prior prison term enhancement (§ 667.5, subd. (b)) were ordered stayed.

## III.    Resentencing Proceedings.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified appellant as a person in their custody serving a prison term for a judgment that included a now invalid prior prison term enhancement. The trial court appointed counsel and set the matter for a resentencing hearing.

Appellant filed a resentencing brief contending the trial court must dismiss the prior prison term enhancement because it is no longer legally valid. (See § 1172.75, subd. (a).) He also requested the court exercise its discretion under section 1385, subdivision (a), to dismiss the prior strike conviction, the prior serious felony enhancement, and the section 12022.53, subdivision (d) firearm enhancement. In a supplemental brief, appellant further requested the court dismiss the enhancements pursuant to section 1385, subdivision (c)(2), based on his mental illness and exposure to childhood trauma and abuse. In support of these requests, appellant detailed his personal history, including his mental health issues and exposure to childhood abuse and trauma.[2] He also provided records showing his completion of educational and rehabilitative programing while incarcerated in state prison.

The People filed an opposition, contending relief was not warranted given the circumstances of the crime, appellant's prior criminal history, and his postconviction conduct. The People submitted CDCR records showing appellant was sanctioned for several rule violations, including participation in a riot and distribution of controlled substances.

---

[2]    Appellant attached a copy of this court's opinion affirming his 2011 conviction. (*People v. Hosley*, *supra*, F065500.) The opinion includes a summary of the trial testimony of a licensed psychologist who evaluated appellant. She concluded that appellant's exposure to trauma at a young age warranted a childhood diagnosis of posttraumatic stress disorder, which continued to impact him as adult. She also diagnosed him with dissociative disorder. She opined that these conditions may have affected appellant's behavior at the time of the murder.

The trial court dismissed the prior prison term enhancement in accordance with section 1172.75, subdivision (a).  However, the court declined to dismiss any of the other findings or enhancements, stating:

> "With regard to the remaining requests for relief, the Court is not going to grant the requested relief today.  The Court will find that to do so would present a danger.  The circumstances of this crime weigh heavily in that analysis.

> "It just -- I recognize the factors contained in 1385 that might apply here, including the possibility that the actions were related to childhood trauma, PTSD, whatever.  I recognize that, but the fact is that [appellant] could not be deterred once the plan was set in motion….  He shot an unarmed man who was begging for his life at the time.  He could not even be deterred from that and then I guess misfired when he attempted to shoot the victim once more.

> "The fact that he could not be deterred suggests to this court that reducing the sentence would present a danger to the community.  The fact that he's continuing rule violations in prison, some of which do implicate violence, particularly participating in a riot in prison also suggests to the Court that reducing the sentence would not be in the interest of justice in this case.

> "I'm declining to strike the prior conviction, the strike prior and the (a) prior, and similarly I'm declining to strike the enhancement pursuant to 12022.53."

## DISCUSSION

### I.     Legal Background - Senate Bill 483.

Effective January 1, 2022, Senate Bill 483 added section 1171.1, later renumbered section 1172.75, to the Penal Code.  Subdivision (a) of that section provides that

5.

effectively any prior prison term enhancement "imposed prior to January 1, 2020, … is legally invalid."**3 4**

Section 1172.75 also sets forth a procedure for defendants serving a sentence with a prior prison term enhancement to obtain relief. First, the CDCR must identify such defendants and notify the court that sentenced them. (§ 1172.75, subd. (b).) Next, the sentencing court must review the judgment of each identified defendant and determine whether it includes a qualifying prior prison term enhancement. (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see § 1172.75, subd. (d)(2).) Thus, section 1172.75 authorizes the resentencing court to "revisit all prior sentencing decisions." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.) The court may also consider "postconviction factors," including "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that

---

**3**     The only exception to this provision is for prior prison term enhancements "imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1172.75, subd. (a).)

**4**     *People v. Rhodius,* which is currently pending before the Supreme Court, held that section 1172.75 does not apply to prior prison term enhancements that were imposed and stayed. (*People v. Rhodius* (2023) 97 Cal.App.5th 39, 49, review granted Feb. 21, 2024, S283169.) Several other appellate courts have rejected this conclusion. (See *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1278, review granted Mar. 12, 2014, S283547; *People v. Christianson (*2023) 97 Cal.App.5th 300, 317, fn. 9, review granted Feb. 21, 2024, S283189; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674–676, review granted Aug. 14, 2024, S285853.) Because respondent does not rely on *People v. Rhodius,* nor contend appellant is ineligible for resentencing because his prior prison term enhancement was ordered stayed, we need not address this issue.

reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## II. The Trial Court Did Not Abuse Its Discretion in Denying Appellant's Request to Dismiss Enhancements Pursuant to Section 1385, Subdivision (c).

Appellant contends the trial court erroneously failed to "consider and afford great weight" to evidence of his mental health issues and childhood trauma in accordance with section 1385, subdivision (c)(2). We conclude the record shows the court considered these factors, but it was not required to afford them "great weight" in the exercise of its discretion because it found dismissal of the enhancements would "endanger public safety." (§ 1385, subd. (c)(2).)

### A. *Applicable law – section 1385, subdivision (c).*

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to add subdivision (c), which provides, in part:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [listed] mitigating circumstances … are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1)–(2).)

Appellant claims the following two enumerated mitigating circumstances listed in section 1385, subdivision (c) are applicable here and warranted dismissal of the enhancements: section 1385, subdivision (c)(2)(D) provides: "The current offense is connected to mental illness;" section 1385, subdivision (c)(2)(E) provides: "The current offense is connected to prior victimization or childhood trauma."

7.

In *People v. Walker*, our high court explained that "section 1385, subdivision (c)(2)'s mandate to give 'great weight' to enumerated mitigating circumstances requires a sentencing court to 'engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1034.) Accordingly, "if the court does not conclude that dismissal would endanger public safety, … the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors." (*Id.* at p. 1036.) The court emphasized, however, that "in most cases 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2)." (*Id.* at p. 1033.)

**B.     *Standard of review.***

We review for abuse of discretion a trial court's decision not to dismiss an enhancement under section 1385, subdivision (c). (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) Such an abuse occurs where the court "is unaware of its discretion, fails to consider a relevant factor that deserves significant weight, gives significant weight to an irrelevant or impermissible factor, or makes a decision so arbitrary or irrational that no reasonable person could agree with it." (*In re White* (2020) 9 Cal.5th 455, 470.)

The burden is on the party attacking the sentence to demonstrate an abuse of discretion occurred. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) "To meet this burden, the [appellant] must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.) "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390; see *People v.*

*Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors"].)

**C.    The Trial Court's Finding that Dismissal of Enhancements Would Endanger Public Safety Obviated the Requirement to Afford Great Weight to the Mitigating Factors Enumerated in Section 1385, Subdivision (c)(2). The Court Did Not Abuse Its Discretion in Declining to Dismiss the Enhancements.**

We begin by observing appellant's claim the trial court did not *consider* evidence of appellant's mental health issues and childhood trauma is belied by the record. The court expressly recognized that "the factors contained in [section] 1385[, subdivision (c)(2)] might apply here, including the possibility that the actions were related to childhood trauma [or] PTSD."

Despite the potential applicability of these factors, the trial court declined to dismiss the enhancements, finding dismissal would endanger public safety.[5] Because the court made this finding, it was not required to "afford great weight" to the mitigating factors set forth in section 1385, subdivision (c)(2), including evidence of appellant's mental health issues and childhood trauma. (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 18; see *People v. Cota* (2023) 97 Cal.App.5th 318, 337.) In this regard, the statutory language is clear: "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*." (§ 1385, subd. (c)(2), italics added.) Therefore, it is irrelevant whether the court "afforded great weight" to these factors because it was not required to do so.

Appellant contends the trial court failed to conduct a "forward-looking inquiry" into how dismissal of the enhancements would affect his potential release date and parole

---

[5]    Although th7e trial court used the phrase "present a danger to the community," we conclude this was equivalent to a finding that dismissal would "endanger public safety." (§ 1385, subd. (c)(2).) Appellant does not claim otherwise.

eligibility.  He relies on *People v. Gonzalez*, which held the trial court misinterpreted section 1385, subdivision (c)(2) as only requiring it "to decide whether the defendant 'currently at the time of sentencing represent[s] a danger to society.' " (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 227.)   *Gonzalez* explained that sentencing courts must not only consider current dangerousness, but also how dismissal of enhancements would impact the length of the defendant's sentence or parole eligibility, because a defendant "who has no prospect of release from prison until he is elderly" may pose less of a risk to public safety.  (*Id.* at p. 228.)

Nothing in the instant record indicates the trial court misinterpreted section 1385, subdivision (c)(2) in the manner rejected by *Gonzalez*, or limited its assessment to whether appellant is currently dangerous.  Rather, the court expressly found that "reducing the sentence" would endanger public safety based on the circumstances of the current offense and appellant's continued acts of violence and misconduct in prison.  This demonstrates the court considered how dismissal would impact the length of appellant's sentence, and concluded he would pose a danger to society if released at such earlier date.  To the extent appellant claims the court did not also assess how dismissal would impact his parole eligibility, nothing in the record suggests the court did not take this into consideration.[6]  Absent any contrary indication, we presume the court "considered all of the relevant factors."  (*People v. Myers, supra,* 69 Cal.App.4th at p. 310.)

Lastly, appellant claims the trial court "ignored" his completion of educational and rehabilitative programming since his conviction.  But the court specified at the outset of the resentencing hearing that it had read appellant's resentencing briefs, which detailed

---

[6]    Appellant asserts that under his current sentence he will be eligible for parole consideration under the Elderly Parole Program (§ 3055) in approximately 15 years. However, section 3055, subdivision (g) specifies that elderly parole does not apply to persons, like appellant, who were sentenced under the "Three Strikes" law.  (See *In re Brown* (2024) 104 Cal.App.5th 969, 977.)

appellant's programming while incarcerated. Moreover, nothing in the record affirmatively demonstrates the court did not consider said programming, and as we explained above, the court is presumed to have considered all relevant factors. (See *People v. Myers, supra,* 69 Cal.App.4th at p. 310.) Thus, the record indicates the court considered appellant's educational and rehabilitative programing, but concluded it was outweighed by other factors. Given the circumstances of the current offense, which showed appellant's capacity for extreme violence, and his continued acts of violence and criminal behavior in prison, the court's finding that dismissal of the enhancements would endanger public safety was not arbitrary or irrational. (See *In re White, supra,* 9 Cal.5th at p. 470.)

To conclude, the trial court appropriately found dismissal of the enhancements would endanger public safety, and therefore was not required to afford great weight to evidence of appellant's mental health issues and childhood trauma. Accordingly, appellant fails to demonstrate an abuse of discretion occurred, and this claim lacks merit.

## III. Section 1170, Subdivision (b)(6)(A) Is Inapplicable to Appellant's Sentence.

Appellant claims the trial court was also required to consider his mental health issues and childhood trauma in determining whether to impose a reduced sentence pursuant to section 1170, subdivision (b)(6)(A).

"Section 1170, subdivision (b), describes the sentencing court's discretion to choose an aggravated, middle, or lower *determinate* term based on its consideration of mitigating and aggravating factors." (*People v. Estrada* (2020) 58 Cal.App.5th 839, 843.) Subdivision (b)(6)(A) creates a presumption in favor of the lower determinate term where the defendant's "psychological, physical, or childhood trauma" was a "contributing factor to the commission of the offense." (§ 1170, subds. (b)(6), (b)(6)(A).)

Because section 1170, subdivision (b)(6)(A) concerns only determinate sentences imposed under subdivision (b), it is inapplicable to the indeterminate portions of

11.

appellant's sentence.  (See *People v. Estrada, supra,* 58 Cal.App.5th at p. 843 [indeterminate sentences are not subject to the determinate sentencing law].)  Even if it did apply, first degree murder and the section 12022.53, subdivision (d) firearm enhancement are only punishable by one possible term.[7]  (§§ 190, subd. (a), 12022.53, subd. (d).) Thus, section 1170, subdivision (b)(6)(A)'s lower term presumption would be irrelevant because the applicable statutes do not authorize a lower term.

For similar reasons, section 1170, subdivision (b)(6)(A) is inapplicable to the determinate portion of appellant's sentence.  This five-year term was imposed pursuant to section 667, subdivision (a), which provides for "a five-year enhancement" for each prior serious felony conviction.  The lower term presumption has no effect because there is only one possible term.  We therefore conclude the trial court did not abuse its discretion in failing to apply section 1170, subdivision (b)(6)(A), and we reject this claim.

## DISPOSITION

The judgment is affirmed.

---

[7]    The jury also found true the use of a firearm enhancement under section 12022.5, subdivision (a), which provides for three possible determinate terms.  Sentence for this enhancement was ordered stayed.  (See § 12022.53, subd. (f) [section 12022.5, subdivision (a) enhancement cannot be imposed where a section 12022.53 enhancement is imposed on the same crime].)  Because appellant does not address this aspect of his sentence, we do not consider it in our analysis.